UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-955-7 |
| | § | |
| ADAM GUERRA; aka ANT | § | |

### OPINION AND ORDER DENYING DEFENDANT GUERRA'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND FOR RECONSIDERATION OF BOND

Pending is Defendant Guerra's motion to revoke the magistrate judge's October 2013 order of detention (D.E. 175) and for reconsideration of bond (D.E. 289). Defendant argues that the presumptions set forth in 18 U.S.C. § 3142(e) do not apply to Guerra because he now has an appropriate co-surety, the magistrate judge was wrong about Guerra having five previous convictions for possession of marihuana,[1] his complaints of back pain are not being addressed, and he would like to be released to accompany his girlfriend to her chemotherapy sessions (*Id.*).

The Court declines to revisit the magistrate judge's order of detention because the provisions of 18 U.S.C. § 3142 no longer apply to Defendant Guerra. He entered a plea of guilty to Count One before the magistrate judge on January 10, 2014 (D.E. 235, 236, 237). The guilty plea was accepted and Guerra was found guilty as charged in Count One of the Third Superseding Indictment on January 27, 2014 (D.E. 262). He is scheduled to be sentenced on June 2, 2014 (D.E. 291).

---

[1] Defendant admits to only four prior convictions.

Title 18, United States Code, Section 3143, covers release on bond pending sentencing. According to the statute, the judicial officer "shall" order a person detained after conviction of an offense described in 18 U.S.C. § 3142(f)(1)(C) unless the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person, and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2).

Defendant has made no such showing. He has been convicted of an offense covered by § 3142(f)(1)(C), conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana, and he faces a ten-year minimum mandatory sentence. According to his admissions before the magistrate judge during the guilty plea proceeding, the Defendant admitted to being a scout for the Banda Drug Trafficking Organization until at least 2010 when he moved to Fort Worth (Hrg. 1/10/14, 9:20 am to 9:30 am). He admitted to helping load and unload more than 1,000 kilograms of marihuana, deliver drivers, make hotel reservations, and follow loads of marihuana through the checkpoints (*Id.*).

If the Defendant has medical issues that need to be addressed, Defendant and his counsel are directed to bring those issues to the attention of the United States Marshal.

Defendant Guerra's motion (D.E. 289) is denied in all things.

ORDERED this 19th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE